UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. MILLMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB, et al.,<br><br>Defendants. | Case No. 16-cv-07402-EMC<br><br>**ORDER DENYING PRELIMINARY INJUNCTION**<br><br>Docket No. 4 |

## I. INTRODUCTION

Plaintiffs in this case are homeowners facing a foreclosure sale of their property. The Court previously issued a temporary restraining order and ordered further briefing on whether a preliminary injunction was warranted. Docket No. 10. Now pending before the Court is Plaintiffs' request for a preliminary injunction. The Court **DENIES** the request.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 6, 2006, Plaintiffs obtained a loan in the amount of $901,600 from Bank of America, N.A., secured by a Deed of Trust ("DOT") in connection with a house in San Ramon, CA. *See* Docket No. 1 (Compl.) ¶ 15; Docket No. 19-1 (Murphy Decl.) Ex. 1. The DOT was subsequently assigned to other parties a number of times. The present holder of the DOT is Defendant Wilmington Christiana. The present servicer of Plaintiffs' loan is Defendant BSI. Prior to the assignment to Wilmington Christiana, the prior holder, Wilmington Primestar, recorded a Notice of Default and Election to Sell, *see* Murphy Decl. Ex. 6, which indicated that Plaintiffs were in default in the amount of $217,528.74.

Beginning in April 2013, Plaintiffs have repeatedly sought loan modifications through the loans various successive servicers. *See* Compl. ¶¶ 32-43. Plaintiffs allege that on more than one

1 occasion, they were notified that their application for a modification was complete, only to receive
2 subsequent notice that the servicing of their loan had been transferred to another party, requiring
3 them to begin the process anew. In May 2015, Plaintiffs received notice from the then-servicer,
4 Statebridge, denying their request for modification. Compl. ¶ 37. Plaintiffs appealed this
5 determination and send additional documentation, but were informed in July 2016 that Statebridge
6 would be proceeding with foreclosure. Compl. ¶ 39. In response to Plaintiffs' inquiry,
7 Statebridge notified them that their appeal had been denied on May 19, 2016. *Id.*

In an effort to stave off foreclosure, Plaintiffs filed the Complaint in the present case, which asserted causes of action for (1) Attempted Wrongful Foreclosure under Cal. Civil Code §§ 2924(a)(6) and 2923.55; (2) Cancellation of Instruments under Cal. Civil Code § 3412; (3) Violation of the UCL, Cal. Bus. and Prof. Code § 17200 et seq.; (4) Declaratory Relief; and (5) Breach of Contract.

### III. DISCUSSION

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). The party seeking the restraining order bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). In applying the *Winter* factors, courts in the Ninth Circuit employ a "sliding scale" approach whereby "the elements of the . . . test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In other words, "the required degree of irreparable harm increases as the probability of success decreases." *Winter*, 502 F.3d at 862. But regardless of the strength of the showing of potential harm, a plaintiff must, at minimum, raise "serious questions going to the merits." *Cottrell*, 632 F.3d at 1132.

Plaintiffs argue that they have established the requisite likelihood of success on the merits for four principal reasons. First, they argue that the assignment of the loan agreement from the original lender to Defendant Wilmington was not valid because Plaintiffs' original promissory

2

note "lacks any endorsement by the original lender or any subsequent lender." Docket No. 4-1 at 4. This contention underlies Plaintiffs' second, third, and fourth causes of action. However, Defendants have presented evidence showing both that the original promissory note *was* in fact endorsed by the original lender, *see* Murray Decl. Ex 1., and that there has been an unbroken chain of assignments of the DOT from the original lender to the present holder, *see* Docket No. 18 (RJN) Exs. 1-4. Plaintiffs therefore have no likelihood of success on the merits on this issue.

Second, Plaintiffs claim that the Notice of Default is invalid under Cal. Civ. Code § 2923.55, which provides, inter alia, that before recording a notice of default, a lender must "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." As noted above, however, Plaintiffs have previously applied for loan modification. As this Court has explained, the purpose of the contact requirement of § 2923 is "to appraise the borrower of her loan modification options." *Foote v. Wells Fargo Bank, N.A.*, No. 15-CV-04465-EMC, 2016 WL 2851627, at *5–6 (N.D. Cal. May 16, 2016). But where a plaintiff has pursued loan modification applications, such that she is "well aware of her loan modification options," and has "actively communicated" with her lender about those applications, any violation of § 2923.55 would not "deprive[] [her] of the opportunity to obtain loss mitigation." *Id.* For that reason, "[s]everal courts have concluded that a section 2923(b)(2) claim fails where the plaintiff mortgagor and the defendant mortgage servicer had been in communication regarding a loan modification before a notice of default was recorded." *Green v. Cent. Mortg. Co.*, 148 F. Supp. 3d 852, 871 (N.D. Cal. 2015) (collecting cases). The same is true here. Plaintiffs' past applications for loan modifications demonstrate their awareness of their modification options, and are accordingly fatal to their § 2923.55 claim.

The Court recognizes that Plaintiffs submitted a declaration alleging that their lender never contacted them to explore options to avoid foreclosure, contradicting the declaration of compliance with the requirements of § 2923.55 included as part of the Notice of Default. But even if the Court were to accept Plaintiffs' declaration in full, their claim would still fail. Even assuming that Defendants failed entirely to contact Plaintiffs, the fact that Plaintiffs had filed multiple loan modification applications, including an appeal after they were denied, demonstrates

3

that they were fully aware of their options. Because the purpose of § 2923.55 was satisfied, Plaintiffs claim fails even in the face of a technical violation of the statute.[1]

Third, Plaintiffs dispute that they are, in fact, in default in the amount claimed by defendants, $217,528.74. But Plaintiffs' bare denial of their obligation, unsupported by any other factual allegations, is not enough to raise a serious question as to the validity of the Notice of Default. Plaintiffs' Reply again states that they "have disputed that they are in default in the amount alleged in the Notice of Default," Docket No. 23 at 4, but Plaintiffs have not elaborated on this contention or provided any kind of corroboration of their claims.

Finally, Plaintiffs' initial brief also argued that they were likely to succeed on their breach of contract claim because of Defendants' alleged failure to comply with various terms and conditions of the DOT. But as Defendants correctly argue, under California law, a Plaintiff must prove four elements to prevail in a breach of contract claim: "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages." *First Commercial Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001). While Plaintiffs have claimed, without support, that they are not in default in the *amount* indicated by Defendants, they have never claimed not to be in default at all. Accordingly, Plaintiffs cannot demonstrate their own performance. Indeed, in their reply brief, Plaintiffs appear almost entirely to have abandoned this cause of action, claiming only in a single, conclusory sentence that they "have stated sufficient facts to support their breach of contract claim" without responding at all to the substance of Defendants' argument. Docket No. 23 at 5.

In sum, Plaintiffs have failed to any likelihood of success on the merits. Accordingly, they have not carried their burden under *Winter*, which requires that a plaintiff must, at minimum, raise "serious questions going to the merits." *Cottrell*, 632 F.3d at 1132. Plaintiffs have not done so here. Because there is no likelihood of success on the merits, the Court **DENIES** the request for a

---

[1] While the decision of this Court in *Castillo v. Bank of Am., N.A.*, No. C 14-02957 JSW, 2014 WL 4290703, at *5 (N.D. Cal. Aug. 29, 2014) could be read to suggest the contrary, the Court declines to follow *Castillo*, as it is clearly distinguishable from the present case. The plaintiff in that case only appeared to have met in person with bank representatives. There was, accordingly, an evidentiary question as to what he had actually been told regarding his modification options. By contrast, the Plaintiffs in this case actually went through a full loan modification application.

preliminary injunction.  This Order is, however, without prejudice to any further request for injunctive relief should Plaintiffs file an additional application for a loan modification.

The $9,500 bond posted by Plaintiffs is exonerated and shall be returned to them.

**IT IS SO ORDERED**.

Dated: January 30, 2017

_____
EDWARD M. CHEN
United States District Judge